## CATALINA DELGADO ET AL., Plffs.,

*v.*

## THE INSULAR LINE, Dft.

San Juan, Law, No. 511.

1. An employee who files suit against his employer three days after the accident, but afterwards dismisses his action without prejudice and dies, has sufficiently complied with the requirements of the Porto Rican employers' liability act of March 1, 1902, as to notice.

2. Such an action will be construed as notice, and a suit by his widow and heirs, filed eight months and eleven days after the accident, is maintainable, the time under the ordinary statute of limitations for such actions not having elapsed.

Opinion filed February 21, 1908.

---

*Mr. Rafael Guillermety,* attorney for plaintiffs.

*Mr. Henry F. Hord,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

### Delgado v. The Insular Line.

This suit, or a suit on the same cause of action, was filed by Gregorio Delgado in the first instance in the insular district court for the district of San Juan, Porto Rico, on February 26th, 1907, just three days after the occurring of the accident out of which the cause of action arose. Thereafter various proceedings were had in the insular court, and on April 22, 1907, an order removing the case to this court was duly entered, after the filing of the proper affidavit and bond for that purpose. The transcript and translation of the record proceedings was filed here on the 7th of May, 1907, the cause becoming No. 469 on the law docket. The plaintiff was duly notified thereof on the following day. On the 27th of May the case was dismissed under a signed stipulation of counsel for both parties, without prejudice, and without action on the demurrer then pending.

The case was refiled by the present plaintiffs on November 4th, 1907, the same becoming No. 511 on the law docket. This was eight months and eleven days after the date of the accident, which is said to have taken place on February 23, 1907. The complaint was amended November 20, 1907, so as to show diverse citizenship, and an amended demurrer and answer was filed on December 19, 1907. The first ground of demurrer is that Catalina Delgado y Cabrera, mother of the infants, has no legal capacity to sue as she only married the deceased April 3, 1907, or some ten days after the accident. It is manifest that this is a case where the deceased and this woman had lived together and were raising a family without being married. Under the terms of the local employers' liability act, pp. 150–156, P. R. Rev. Stat. 1902, and particularly under §§ 325 and 327 thereof, we do not think this ground of demurrer has any merit, and it will therefore be overruled.

Delgado v. The Insular Line.

The second ground of demurrer is because it appears from the face of the complaint that the action is barred by the provisions of § 327 of the local employers' liability act aforesaid, as no notice was given by said complainants within thirty days after the date of the injury, and because the suit was not brought within the term of six months next after the date of the injury.

The material portion of the section referred to reads as follows: "That no action for the recovery of damages for injury or death under the provisions of this act shall be maintained unless notice of the time, place, and cause of the injury is given to the employer within thirty days after the injury is received, or unless it is commenced within six months from the date of the injury."

Now, under that language of the statute it cannot be questioned but that the bringing of the suit in the insular court only three days after the occurring of the accident did away with the necessity of giving notice to the employer within thirty days, because the disjunctive "or" is used in the statute. The suit was dismissed under a written stipulation of counsel on both sides, without prejudice. If this had been a mere formal reinstatement of the suit, with the same number and parties as it had when brought here from the insular court, or was a revival of it, we do not think it would be subject to demurrer. It transpires, however, as appears from the new complaint, that Gregorio Cabrera, the husband and father of plaintiffs, died, as it is claimed, from the result of the injuries, on the 7th day of June, 1907, or eleven days after cause No. 469 was dismissed, and this new suit was not filed until nearly five months thereafter, on November 4, 1907.

The question arises, Is the bringing of this new suit such a

distinct act as that the present plaintiffs must have complied with the requirements of the foregoing quoted portion of the statute?

After examining the question with some care we do not think the complaint is subject to demurrer, or to a plea of the statute of limitations. We think that the bringing of the suit by the deceased in his own name, in his lifetime, in the insular court, three days after the accident, was a complete and substantial compliance with the notice required by the local law referred to. Defendant cannot have been misled, as it not only had a summons served upon it, but appeared in that court and removed the case here. The bringing of the suit in the insular court, in our opinion, removed the necessity of filing the suit here within six months, and probably left the case as to limitation under the regular one-year statute mentioned in § 1869, or some general statute in that regard, and as the cause was filed here eight months and eleven days after the accident, we think it was brought in sufficient time. The remainder of the section of the employers' liability act above quoted reads as follows: "The notice required by this section shall be in writing, signed by the person injured, or by someone in his behalf; but if, from physical or mental incapacity, it is impossible for the person injured to give the notice within the time provided in said section, he may give the same within ten days after the incapacity is removed; and in case of his death without having given the notice, and without having been, at any time after his injury, of sufficient capacity to give the notice, the person or persons entitled to claim compensation pursuant to the provisions of this act, or their representatives, may give such notice within thirty days after the death of such employee. But no notice given under the provisions of this

Delgado v. The Insular Line.

section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury; Provided it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."

We are unable to concede the point which is urged, that the bringing of this suit in the insular court, wherein the entire cause of action, giving time, place, and many other particulars, was set out and a summons thereunder duly served upon the defendant, cuts no figure here, as to relieving plaintiffs from giving the notice over again. Then, if the bringing of the suit in the insular court complies with the notice required by law, there was no necessity of bringing the action here within six months, but it could be brought at any later time, certainly up to one year, as stated, and if the statute of limitations of one year does not apply, then the suit might, perhaps, have been filed within a much longer period; but as to that we are not now expressing any opinion because the case here was brought within nine months from the date of the accident. We therefore feel constrained to overrule the exceptions and the demurrer to the complaint, and it is so ordered. Plaintiffs will therefore be required to immediately file a *similiter* to the answer that was filed with the demurrer, and the cause will stand at issue.

We do not think that the views herein expressed in any manner conflict with our opinion in the case of Colón against Ponce & G. R. Co., filed on the 15 inst., ante, 367. The facts are entirely different, as can be seen from an examination of the record and opinion in that case.